34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kent V. SMITH, Defendant-Appellant.
 No. 94-50136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kent V. Smith appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to one count of bank fraud, in violation of 18 U.S.C. Sec. 1344. Smith contends that the district court erred in increasing his offense level two levels pursuant to Guidelines Section 3B1.3 for use of a special skill in commission of the crime. We have jurisdiction under 18 U.S.C. Sec. 3742(a), and we affirm.
 
 
 3
 * BACKGROUND
 
 
 4
 Smith prepared and filed a loan application in the name of his parents with Coast Federal Bank. Smith identified himself as a mortgage banker representing his parents and forged his parents' signatures on the application. He submitted falsified copies of his parents' tax returns. He referred to a $187,000 down payment which he indicated would be obtained through the future sale of property owned by his parents, although his parents were unaware of the scheme. He fraudulently indicated that his father had an income of $21,500 per month and provided fraudulent employment verification obtained through one of his friends, who posed as Smith's father's employer. After Smith failed to make the first payment on the loan and the bank initiated foreclosure proceedings, Smith again forged his parents' signatures and fraudulently obtained a quitclaim deed on the property, transferring title from Smith's parents to Smith. At the same time, Smith fraudulently filed a Chapter 11 bankruptcy petition in a scheme to frustrate the bank's foreclosure effort and continued living in the house. The petition was dismissed in November 1990, and Smith was prohibited from filing another petition for 180 days. The house was sold back to the bank at a public auction in December 1990. In April 1990, Smith filed a second bankruptcy petition, frustrating the bank's efforts to oust him from the house. In June 1991, Smith's petition was dismissed. Smith agreed to vacate the property in July 1991.
 
 
 5
 Smith pleaded guilty to bank fraud and the district court sentenced him to eighteen months in prison, based in part on a two-level increase in offense level for use of a special skill in the commission of the crime pursuant to Section 3B1.3.
 
 II
 DISCUSSION
 
 6
 Because Smith disputes only the district court's application of the Guidelines to undisputed facts, we review de novo. United States v. Hill, 915 F.2d 502 (9th Cir.1990).
 
 
 7
 Guidelines Section 3B1.3 provides for a two-level increase if the defendant used a special skill in a manner that significantly facilitated the commission or concealment of the offense. Smith, a former mortgage banker who was employed at the time of the offense activities as an underwriter with a mortgage company, concedes that his training and employment history satisfies the special skill definition of Section 3B1.3. Smith disputes, however, that he used this skill to facilitate the crime as required for imposition of the two-level increase.
 
 
 8
 This contention lacks merit. The undisputed facts in the record indicate that Smith did use his special skill as a professional in the real estate industry to facilitate the commission of this crime. According to the presentence report, whose factual assertions Smith accepted:
 
 
 9
 [Smith] represented himself to be a broker throughout the entire period of this fraudulent scheme.... [H]e used his own personal knowledge of the system, as well as utilizing personal friends and contacts within the real estate field to help him pull off the entire scheme. The gravamen of this offense was not simply changing numbers on documents or forging a signature here or there, but required an in-depth knowledge of the entire process of real estate underwriting.
 
 
 10
 Smith's assertion that he did not use his special skills in the real estate industry to facilitate the crime is therefore contradicted by the record. The district court did not, accordingly, err in imposing a two-level increase pursuant to Section 3B1.3.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3